UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
ARCELORMITTAL                                       :
CLEVELAND, INC., *et al.*,                          :      CASE NO. 1:10-CV-00362
        Plaintiffs,                             :
                                                    :
vs.                                                 :      OPINION & ORDER
                                                    :
JEWELL COKE COMPANY, L.P.*,*                        :
                                                    :
        Defendant.                              :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this contract dispute, the Defendant Jewell files opposition to the Plaintiffs' motion that asks to (1) extend discovery and dispositive motion deadlines by sixty days, (2) reassign this case from Standard Track to Complex Track, and (3) hold a status conference as soon as possible. [Doc. 45.] On November 4, the Court granted the Plaintiffs' motion to the extent that it requested a temporary extension of dispositive and discovery motion deadlines. [Doc. 43.] In that order, the Court vacated the dispositive motion deadline of November 11 and the initial discovery deadline of November 4. [*Id.*] The Court also reset the upcoming status conference for November 23. [*Id.*] The Court now construes the Defendant's opposition as a motion to reconsider that earlier ruling.

The Defendant argues that the Plaintiff did not carry their burden under Federal Rule of Civil Procedure 16(b)(4) to show good cause for vacating the previous scheduling order. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

-1-

Case No. 1:10-CV-00362
Gwin, J.

Fed.R.Civ.P. 16(b)(4); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Prejudice to the party opposing amendment is also a relevant consideration. *Id.* at 909. A district court is also charged with the efficient management of the cases on its docket. *See* Fed.R.Civ.P. 16(a); *Torres v. Puerto Rico*, 485 F.3d 5,10 (1st Cir. 2007).

The Court declines to reconsider its earlier ruling. First, the Court finds that the Plaintiffs were was not aware of the additional grounds for relief until relatively recently. Second, the Court finds that the interests of judicial efficiency weigh heavily in favor of temporarily vacating the deadline for dispositive motions. Two lawsuits are currently pending before the Court against Defendant Jewell, which both allege a very similar set of claims arising out of the same coke supply contract. In all likelihood, both discovery and motion practice in these cases will be highly duplicative; a joint status conference will allow both of these cases to be resolved in a far more expeditious and efficient manner. Finally, the Court finds that no prejudice will result should the deadlines be reset. The Defendant will still be allowed to file a motion for summary judgment and the Court will not permit an open-ended or unduly long discovery period.

Accordingly, the Court reaffirms its earlier ruling. To the extent that any requests in the Plaintiffs' motion of October 20th remain unaddressed, the Court will dispose of them at the November 23rd status conference.

IT IS SO ORDERED.


Dated: November 15, 2010            s/          *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE