```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
ARCELORMITTAL CLEVELAND                     :
INC, et al.                                 :
                                            :       CASE NO. 1:10-CV-00362
            Plaintiffs,                     :
                                            :
vs.                                         :       OPINION & ORDER
                                            :       [Resolving Doc. Nos. 38, 41, 47, 50, 53]
JEWELL COKE COMPANY, L.P.                   :
                                            :
            Defendant.                      :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this contract dispute, Plaintiffs ArcelorMittal Cleveland Inc. and ArcelorMittal Indiana Harbor, Inc. (collectively "ArcelorMittal") file motion pursuant to Federal Rule of Civil Procedure 15(a)(2), requesting leave to amend their complaint to assert additional causes of action against Defendant Jewell and to add Sunoco, Inc., Jewell's parent corporation, as a defendant. [Doc. 41.] The Defendant opposes the motion and also requests leave to file exhibits under seal in support of their opposition. [Doc. 52; Doc. 53.] Consistent with its earlier oral ruling, the Court **GRANTS** the Plaintiffs' motion to file an amended complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." The decision whether "justice so requires" the amendment is at the district court's sound discretion. See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). As the Sixth Circuit has observed, "[t]he thrust of Rule 15 is to

Case No. 1:10-CV-00362
Gwin, J.

reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Accordingly, the Supreme Court has directed that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). The Court examines these *Foman* factors in light of Rule 1's directive that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." *See Foman*, 371 U.S. at 182.

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute . . . .

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted).

Under the standard set forth by the Supreme Court in *Forman*, the Court finds that leave to allow the amended complaint is proper. First, the Court does not find any undue delay on the part of ArcelorMittal. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) ("The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier."); *Security Ins. Co. of Hartford v. Kevin Tucker & Associates, Inc.*, 64 F.3d 1001, 1009 (6th Cir.1995). The Court finds that the Plaintiffs were not aware of the factual basis for these additional causes of action until after the amendment deadline of September 1. [Doc. 41 at 4.] The documents that provide the factual basis for these claims were

Case No. 1:10-CV-00362
Gwin, J.

not produced until several weeks after that deadline. [*Id*.] Thus, the Plaintiffs' delay in asserting these new causes of action is not undue. Moreover, the Court finds no evidence of bad faith or dilatory motive on the part of ArcelorMittal. Prior to this motion the case has proceeded on schedule and the parties have made every effort to ensure expeditious resolution of this dispute.

Having determined that there are valid grounds for the amendment, the Court proceeds to determine whether allowing the amendment would cause undue prejudice to the Defendant. The Court agrees with the Defendant that the amended complaint will expand the scope and nature of the claims that are asserted. [Doc. 52 at 15.] However, the Court is not persuaded that an amendment at this stage in the proceedings will cause undue prejudice. The Court earlier reset the dispositive motion and discovery deadlines, extending the time for discovery and motion practice by approximately five months. [Doc. 43; Doc. 48.] The filing of an amended complaint will cause not cause any additional delay. Further, although the legal theories upon which these new claims are based will be new, the underlying factual matter of these causes of action is identical or similar to the discovery that was already ongoing under the original complaint. *See United States v. Wood*, 877 F.2d 453, 456-57 (6th Cir. 1989) (allowing amended complaint where grounds for new claims were not a surprise and where there was sufficient time to conduct discovery related to the claims).

The Defendant's opposition to this motion primarily revolves around the argument that the Plaintiffs' new complaint will be futile. A court need not permit an amendment to the complaint where the proposed amendment would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993). Here, the Court finds that the proposed amendment is not futile. The Plaintiffs may have difficulty proving several of the causes of action in the amended complaint; however, difficulty proving claims is not the same as futility. Moreover, on the

Case No. 1:10-CV-00362
Gwin, J.

futility point, the Defendant's opposition essentially makes an abbreviated version of the arguments that would be made in a Rule 12(b)(6) motion to dismiss. The Court is of the view that these arguments may be more appropriately reviewed as part of a more fully developed motion to dismiss.

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' motion to file an amended complaint. [Doc. 41.][1/] Additionally, in accordance with its earlier oral rulings, the Court **GRANTS** the Plaintiffs' motion to file exhibits under seal, [Doc. 50], **GRANTS** the Plaintiffs' motion to reassign this case to complex track, [Doc. 38], **DENIES** the Defendant's motion to strike the jury demand as moot, [Doc. 40], and **DENIES** the Plaintiffs' consent motion to stay the time to respond to the Defendant's motion to strike the jury demand as moot, [Doc. 47].

IT IS SO ORDERED.

Dated: November 24, 2010                    *s/   James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[1/] The Defendant's motion to file documents supporting its opposition is **DENIED** as moot. [Doc. 53.]