UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ARCELORMITTAL CLEVELAND :
INC. *et al.*, :
: CASE NO. 1:10-CV-00362
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 49]
JEWELL COKE COMPANY, L.P. :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this contract dispute, Plaintiffs ArcelorMittal Cleveland Inc. and ArcelorMittal Indiana Harbor Inc. ("ArcelorMittal") seek leave to deposit into the Court the amount of money allegedly being over-billed by the Defendant Jewell Coke Company Inc. ("Jewell") under the disputed amended purchase agreement. [Doc. 49.] The motion is opposed. [Doc. 73.] The Plaintiff replied. [Doc. 96.]

The Plaintiffs bring this case seeking reformation of an alleged mistake in a long-term contract of the supply of blast furnace coke. [Doc. 61.] The Plaintiffs allege that a pricing multiplier in the amended purchase agreement was inverted, resulting in a greatly inflated sale price for the purchase of the Defendant's coke. *See ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 2010 WL 3749592 (N.D. Ohio, Sept. 21, 2010). In the current motion, the Plaintiffs seek leave under Federal Rule of Civil Procedure 67 to require the deposit of this disputed overcharge into the Court

-1-

Case No. 1:10-CV-00362
Gwin, J.

during the pendency of the action, while still paying Jewell the undisputed portion of the price. [Doc. 49.] The Plaintiffs say that because Jewell derives a significant portion of its profits from the disputed amended purchase agreement, that Jewell will be financially incapable of paying restitution for overpayments should the Plaintiffs succeed in this litigation. [*Id.* at 4-6.] The Defendant says that the Plaintiffs' motion seeks to inappropriately use Federal Rule of Civil Procedure 67. [Doc. 73 at 2.]

Under Federal Rule of Civil Procedure 67, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed.R.Civ.P. 67(a). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility from disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. Geo. P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007); *Gutharz v. Park Centre West Corp.*, 2008 WL 2949515, at *1 (S.D. Fla, Jul. 29, 2008). As such, the Rule is normally invoked in cases of interpleader. 12 Wright & Miller, *Federal Practice & Procedure* § 2991 (1997 & Supp. 2005).

The Rule is intended to "provide a place of safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party." *Prudential Ins. Co. v. BMC Industries, Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986). "Rule 67 'is not intended to allow a party to deposit monies into court to avoid a breach of contract or create a fund to secure the satisfaction of a prospective judgment.'" *Tops Markets, LLC v. Brookgate Associates, LLC*, 2007 WL 2156389, at *1 (N.D. Ohio 2007) (quoting *Dinkins v. General Aniline & Film Corp.*, 214 F.Supp. 281, 283 (S.D.N.Y.1963)). Additionally, "[t]he deposit


Case No. 1:10-CV-00362
Gwin, J.

of a sum of money into court is not to be used to circumvent the stringent prerequisites for seizure or attachment of a defendant's assets. *Id.* (citing *Dinkins*, 214 F. Supp. at 283). *See also Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir. 1969) (holding that where a Plaintiff sued on a contract for damages, but at the same time sought to utilize Rule 67 to avoid having to fulfill its obligation to make payments to the defendant, that this use of the Rule was an inappropriate attempt to alter the legal duties of the parties); *Prudential*, 630 F. Supp. at 1300 (same). The decision whether to allow a Rule 67 deposit lies within the discretion of the district court. *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989); *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987).

Upon consideration, the Court finds that the Plaintiffs' requested use of Rule 67 is inappropriate, since it is in plain contravention of the purpose of the Rule. As has been consistently noted by courts, Rule 67 is not to be used to circumvent the prerequisites for seizure or attachment of assets. Although not immediately apparent, that is exactly what the Plaintiffs are attempting to accomplish here. Under the terms of the amended purchase agreement, the Plaintiffs are contractually bound to pay the Defendant for coke delivered pursuant to that contract, which Jewell is contractually bound to deliver. With this motion, the Plaintiffs are trying to attach money that is owed to Jewell under the contract as currently written. Indeed, if the Plaintiffs' motion was granted, Defendant Jewell would continue to be bound to deliver coke under the amended purchase agreement but would have no access to funds to which it is arguably entitled. If the Plaintiffs wish to attach the Defendant's income under the amended purchase agreement – or any other piece of the Defendant's property – the Plaintiffs must file an appropriate motion to do so under Federal Rule of Civil Procedure 64, and not under Rule 67.

Case No. 1:10-CV-00362
Gwin, J.

Second, the Plaintiffs' attempted use of Rule 67 is outside of the normal application and scope of the Rule. As noted, Rule 67 is most commonly applied in cases of interpleader, where the moving party holds fund to be disbursed to two or more parties disputing ownership. Here, rather than using the Rule to seek relief from the burden of holding money subject to dispute, the Plaintiff invokes this Rule to create a fund to secure payment of a prospective judgment. Like many other courts that have analyzed this Rule, the Court finds that this is an improper use the Rule. *See, e.g.*, *Tops Markets, LLC*, 2007 WL 2156389 (N.D. Ohio 2007); *Dinkins*, 214 F.Supp. at 283 (S.D.N.Y. 1963); *Berry v. Chase Home Fin. LLC*, 2010 WL 582550, at *2-3 (S.D. Tex. Feb. 12, 2010); *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010). If Rule 67 applied as Plaintiffs wish it to, then any party seeking relief in a contract dispute could simply deposit disputed funds into the Court, thereby depriving the opponent of access to the funds. The Court finds this sort of financial hostage taking is not the intended purpose of Rule 67. *See Berry*, 2010 WL 582550, at *2 ("allowing Plaintiff to deposit payments he indisputably owes Defendant into the registry of the Court would unfairly deprive Defendant of the use of its money pending the final determination of this action. This is not Rule 67's intended purpose.").

The Plaintiffs rely upon an advisory committee note to the 1983 amendment, which states that the Rule was amended to make clear that a party utilizing the Rule may validly retain an interest in the deposited funds. Fed.R.Civ.P. 67, 1983 Advisory Committee Notes (citing *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281 (S.D.N.Y. 1963) as an example of a case that incorrectly ruled that a party must disclaim all interest in the funds before using Rule 67). The Advisory Notes explain that "there are situations in which a litigant may wish to be relieved of responsibility for a sum or thing, but continue to claim an interest in all or part of it. In these cases the deposit-in-court

-4-

Case No. 1:10-CV-00362
Gwin, J.

procedure should be available; in addition to the advantages to the party making the deposit, the procedure gives other litigants assurance that any judgment will be collectable." Fed.R.Civ.P. 67, 1983 Advisory Committee Notes. The Plaintiffs argue that this Note to the Amendment overruled *Dinkins*'s holding that Rule 67 cannot be used to circumvent the prerequisites for seizure or attachment of assets or to create a fund to secure payment of a prospective judgment, and instead states that these are now the intended purposes of the Rule. [Doc. 96 at 4-5.] This conclusion is wrong – the very language of the Advisory Committee Notes undermines Plaintiffs' position. The Advisory Notes read that "in addition to the advantages to the party making the deposit, the procedure gives *other* litigants assurance that any judgment will be collectable." Fed.R.Civ.P. 67, 1983 Advisory Committee Notes (emphasis added). The Advisory Notes state that the Rule will help to protect the *other* parties' interest in the funds (i.e., parties other than the one making the deposit into the Court), referring to cases of interpleader. *See* 12 Wright & Miller, *Federal Practice & Procedure* § 2991 (1997 & Supp. 2005) (explaining 1983 amendment). Similarly, the Notes only state the *Dinkins*'s interpretation of the Rule was incorrect on the narrow issue of whether an interested party may take advantage of the Rule. Regarding other *Dinkins*'s important holdings, the case is still followed for those points of law. *See, e.g.*, *Russian Collections, Ltd. v. Melamid*, 2009 WL 1625296, at *2 (S.D. Ohio June 5, 2009) (citing *Dinkins* for its other holdings); *Tops Markets, LLC*, 2007 WL 2156389 (N.D. Ohio 2007) (same); *Berry*, 2010 WL 582550, at *2 (same); *Progressive Cas. Ins. Co.*, 680 F. Supp. 2d at 641 (same); *Prudential*, 630 F. Supp. at 1300 (same).[1/]

---

[1/] The Plaintiffs also rely upon the holding in *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987). Although that case supports the Defendant's position that a party suing on a contract may deposit a disputed overcharge into the court, the Court declines to follow that precedent. First, this decision is not controlling precedent in the Sixth Circuit and is not even consistently followed in the Fifth Circuit for proposition that the Plaintiffs
(continued...)

-5-

Case No. 1:10-CV-00362
Gwin, J.

If the Plaintiffs truly fear that any money now paid to Jewell will be forever lost, ArcelorMittal may breach the amended purchase agreement by stopping payment – an option that is always available in a contract – but the Plaintiffs must then face the legal consequences of such breach. ArcelorMittal may not use Rule 67 to sidestep these legal consequences. *See, e.g.*, *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) (overturning district court order that altered the substantive legal right of LTV to receive a specified annual interest rate upon default).

Accordingly, for the foregoing reasons the Court **DENIES** the Plaintiffs' motion to deposit the disputed funds with the Court under Federal Rule of Procedure 67.

IT IS SO ORDERED.

Dated: December 14, 2010                s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[1/](...continued)
advance. *See, e.g.*, *Berry*, 2010 WL 582550, at *2.

Second, as the Court in *Gulf States* notes, whether to allow a deposit under Rule 67 is within the discretion of the Court. Whereas a deposit may have been appropriate under the factual circumstances in that case, the Court finds that is it not appropriate here. A deposit of the disputed overpayment will likely force Jewell to the bargaining table in an unfairly weak position and weighs heavily against allowing ArcelorMittal to deposit the disputed funds into the Court.

Finally, the Court thinks that *Gulf States*, as interpreted by Plaintiffs, is incorrect and ascribes a purpose to Rule 67 that could not possibly have been imagined by the drafters of the Rule. The Rule is intended for use in interpleader actions and the Plaintiffs seek to turn it into a powerful mechanism for safeguarding disputed funds. The Court finds the case law cited in this decision, which generally follows *Dinkins*, is the most accurate interpretation of Rule 67. Indeed, that is currently the dominant interpretation of the Rule.