UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ARCELORMITTAL CLEVELAND :
INC. *et al.*, :
: CASE NO. 1:10-CV-00362
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 57]
JEWELL COKE COMPANY, L.P. :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this contract dispute, Plaintiffs ArcelorMittal Cleveland Inc. and ArcelorMittal Indiana Harbor Inc. ("ArcelorMittal") file motion to compel the production of several categories of documents that Plaintiffs say Defendant Jewell Coke Company Inc. ("Jewell") wrongfully withheld from production under the Plaintiffs' First Request for Production of Documents. [Doc. 57.] Defendant Jewell opposes the motion. [Doc. 91.] ArcelorMittal requests that the Court order production of three categories of documents: (1) all relevant documents from seven additional document custodians who are or were employees of Sunoco, Inc.; (2) documents from a 2009 Sunoco Board of Directors meeting and from a 2006 Jewell partnership presentation; and (3) un-redacted versions of all documents that Jewell redacted on the basis of relevance or confidentiality. [Doc. 57.] Jewell says, first, that it has already agreed to produce all of the documents requested in the first two categories, and second, that it was justified in redacting many documents because the redacted material was non-responsive to the Plaintiffs' discovery requests or was "highly sensitive, unrelated commercial information." [Doc. 91.]

*I.A. Documents from Seven Additional Document Custodians*

-1-

Case No. 1:10-CV-00362
Gwin, J.

The first dispute revolves around seven current or former Sunoco employees – Paul Mulholland, Thomas Hoffman, Blaise Cona, Joseph Krott, Terence Delaney, Lynn Elsenhaus, and Thomas Harr – who purportedly possess documents that are relevant to the current action. [Doc. 57 at 5.] ArcelorMittal says that these individuals all were involved in "critical communications directly relevant to the issues and claims in this case" and that "these individuals also appear in hundreds of relevant entries in Jewell's privilege log." [*Id.*] In their motion to compel, the Plaintiffs set forth their basis for believing that each of these custodians possess relevant information. [*Id.* at 5-8.] The Court agrees with the Plaintiffs that these custodians likely possess relevant records.

In response, the Defendant represents to the Court that Sunoco has already agreed to produce "responsive, non-privileged documents for each of the custodians Plaintiffs have requested." [Doc. 91; Doc. 91-1 at 2.] The Defendant says that ArcelorMittal has already served a subpoena duces tecum on Sunoco for documents from five of the custodians and that Sunoco has agreed to produce documents pursuant to it. [Doc. 91.] Additionally, the Defendant says that Sunoco has agreed to search for and produce documents from the remaining two custodians as soon as ArcelorMittal amends the subpoena to include these additional custodians. [*Id.*.]

Thus, it appears that this particular dispute has been resolved and that it is unnecessary to issue a ruling. However, should Sunoco not comply with ArcelorMittal's subpoena, the Plaintiffs may file a new motion to compel. Therefore, the Court **DENIES** the Plaintiffs' motion to compel as moot with regard to this category of documents.

*I.B Board and Partnership Meeting Documents*

The Plaintiffs also request that the Court order production of relevant documents related to a March 2009 Sunoco Board of Directors presentation and a February 2006 Jewell partnership

Case No. 1:10-CV-00362
Gwin, J.

presentation. [Doc. 57 at 10-11.] The Plaintiffs allege that the disputed pricing multiplier was discussed at both of these meetings. [*Id.*] The Plaintiffs say that these materials are relevant and that the Defendant has refused to produce the materials unless the documents are in hands of a limited number of individuals. [*Id.* at 11.] The Defendant represents to the Court that this contention is not true and that Jewell has agreed to produce these documents, as well as any other documents from partnership or board meetings responsive to document requests. [Doc. 91 at 6.]

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). In a case alleging various theories of mistake, fraud, conspiracy, and a RICO violation, the discussions of both Jewell and Sunoco management regarding the disputed pricing provision is relevant to ArcelorMittal's claims. Thus, this material is discoverable. Nonetheless, if Jewell has already agreed to produce these documents, then an order from this Court is superfluous. [Doc. 91-1 at 2.] Therefore, the Plaintiffs' motion is **DENIED** as moot with regard to this category of document; however, since these materials are discoverable, to the extent that Jewell has not produced relevant Board of Director or partnership meeting minutes that are within its control – regardless of the exact custodian of the documents – the Court **ORDERS** production by **January 3, 2011**.

*I.C Portions of Documents Redacted on Relevancy Grounds*

The Plaintiffs also request that the Court order production of non-redacted versions of all documents that Jewell redacted on the grounds that portions of the documents are irrelevant to the

-3-

Case No. 1:10-CV-00362
Gwin, J.

current suit. [Doc. 57 at 11.] ArcelorMittal says that irrelevance is not a proper grounds for redaction and that it is entitled to unredacted versions of all of these documents. [*Id.*] Defendant Jewell says that it may redact unresponsive or confidential information in its document production under Federal Rules of Civil Procedure 26 and 34. [Doc. 91 at 8.]

Both parties cite to case law supporting their particular interpretation of the Rules of Civil Procedure related to discovery, with supporting case law. Upon reviewing this material, the Court is particularly persuaded by the approach taken in *Beverage Distributors, Inc. v. Miller Brewing Co.* 2010 WL 1727640 (S.D. Ohio, Apr. 28, 2010). In that case, the court analyzed the same body of case law cited by the parties, which on one hand suggests that redaction is an appropriate way to shield irrelevant or confidential material, but on the other rejects this approach as not allowed under the Federal Rules. *Compare Spano v. Boeing Co.*, 2008 WL 1774460, at *2 (S.D. Ill, Apr. 16, 2008) (holding redaction is a proper method of shielding information) & *Schiller v. City of New York*, 2006 WL 3592547, at *7 (S.D.N.Y., Dec. 7, 2006) (same) *with Orion Power Midwest, L.P. v. America Coal Sales Co.*, 2008 WL 4462301, at *2 (W.D.Pa. Sept. 30, 2008) (holding that redaction is not allowed under Rule 34) & *Medtronic Sofamor Danek, Inc. v. Michelson*, 2002 WL 33003691, at *4-5 (W.D.Tenn., Jan. 30, 2002) (same).

In *Beverage Distributors*, the court succinctly reconciled these two lines of cases by noting several common themes pervading all of the opinions: "(1) redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be

-4-

Case No. 1:10-CV-00362
Gwin, J.

burdened with an in camera inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive the privilege." 2010 WL 1727640 at *4. With those general themes in mind, the Court approaches the current dispute.

The Court is not persuaded that Jewell is entitled to redact information in its document production that it believes is irrelevant or non-responsive to ArcelorMittal's documents requests. Indeed, the language of Rule 34 discusses production of "documents," rather than paragraphs or sentences. *See Orion Power Midwest*, 2008 WL 4462301, at *2 ("Rule 34 talks about production of 'documents,' as opposed to the relevant information contained in those documents . . . Certainly, a party that seeks to 'inspect' a document would anticipate being able to inspect the entire document . . . There is no express or implied support for the insertion of another step in the process . . . in which a party would scrub responsive documents of non-responsive information."). The Court sees no compelling reason for Jewell to not disclose information solely on the grounds that Jewell thinks the non-disclosed materials are not relevant or responsive where that information appears in a document that contains otherwise relevant or responsive information. Thus, the Court **GRANTS** the Plaintiffs' motion to the extent that it requests production of information redacted on the grounds of relevancy or non-responsiveness. Non-redacted versions of these documents must be produced by **January 3, 2011**.

The Court, however, finds Jewell's argument much more compelling with respect to information redacted on the grounds that it is confidential business information. The crux of Jewell's reticence in producing unredacted versions of the documents is that much of the material is related to the finances and business plans of Jewell or other affiliates. Most of these companies

Case No. 1:10-CV-00362
Gwin, J.

actively contract with ArcelorMittal and disclosure of this evidence would disadvantage Jewell in future contract negotiations. [Doc. 91 at 9.] Jewell correctly notes that most of the rulings cited by the Plaintiff for the general proposition that a party cannot redact material because it is confidential or sensitive were made in cases where a protective order was in place. *See Orion Power Midwest*, 2008 WL 4462301, at *2; *Medtronic*, 2002 WL 33003691, at *4-5; *Howell v. City of New York*, 2007 WL 2815738, at *2 (E.D.N.Y.,Sept. 25, 2007). In this suit, by contrast, no protective order is in place and the Court has declined to grant a blanket order. Thus, Jewell's concern that disclosing this confidential business and financial information to ArcelorMittal is potentially damaging is well-taken.

As a means of balancing these two competing interests, the Court orders production of non-redacted versions of all documents redacted by Jewell on the grounds that the information is sensitive or confidential. However, due to its sensitive nature, the Court also orders that these documents be produced with an "Attorneys' Eyes Only" designation and that none of these documents be disclosed to ArcelorMittal by Plaintiffs' attorneys without further order from this Court. Further, if any these documents are to be used to support future motions, the Court grants permission for them to be filed under seal. The Court **ORDERS** production of non-redacted versions by **January 3, 2011**.

IT IS SO ORDERED.

Dated: December 16, 2010            s/       *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE